ARÉ ET AL. *v.* BORINQUEN SUGAR COMPANY.

APPEAL from the District Court of Humacao.

No. 648.—Decided June 24, 1911.

DAMAGES—AMOUNT OF DAMAGES—EMPLOYERS' LIABILITY—ACTUAL NEEDS OF CLAIMANTS.—In accordance with the Employers' Liability Act of March 1,

1901, damages should be assessed in proportion to the actual needs claim-
ants had to depend upon the wages of the injured or deceased person for
support.

ID.—AMOUNT OF DAMAGES—CONCLUSION OF TRIAL JUDGE.—The trial judge is in
a better position than the Supreme Court to determine the amount that
should be allowed for damages in each instance, and unless it is shown that
the amount assessed is clearly inadequate or improper, the Supreme Court
will accept the conclusion of the judge as a just and equitable one.

The facts are stated in the opinion.

*Messrs. José de Guzmán Benítez* and *José Martínez Dá-
vila* for appellants.

*Messrs. Hartzell* and *Rodríguez Serra* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The judgment rendered in this case, and from which this
appeal has been taken, reads as follows:

"In accordance with section 7, in relation with section 1 of the
Employers' Liability Act, it is decided by the court on this 22d
day of July, 1910, that the law and the facts are against the party
defendant; and by virtue of paragraphs *a* and *b* of section 4 of said
law, considering that the four plaintiffs, Francisco, Gracia, Justa
and Alfonsa Berberena y Aré, are of age, some of them being mar-
ried and all capable of and competent to earn their own living and
support, independently of the labor of the deceased, Miguel Berbe-
rena, it adjudges said defendant corporation, the Borinquen Sugar
Company, to pay to the plaintiff, Micaela Aré, widow of the de-
ceased, Miguel Berberena, upon whom she depended for support and
who died by reason of the negligence of said defendant, which negli-
gence originated in the manner specified in paragraph 3 of section 1
in relation with section 8 of the aforesaid law, the sum of $500 as
indemnity.   In estimating such indemnity, the earning capacity of
the deceased and the degree of blame of the defendant have been
borne in mind, the probabilities of life of said deceased not having
been proven by means of tables of mortality, or in any other form;
and the defendant is further adjudged to pay the costs to said plain-
tiff, and to have execution issue against the properties thereof in
order to satisfy this judgment."

As stated by the appellants in their brief, this appeal
depends upon the two following contentions:

1. That the plaintiffs, Francisco, Gracia, Justa, and Al-

fonsa Berberena have been excluded from the benefit of the judgment, and

2. That $500 is all that has been allowed to the widow, Micaela Aré, for damages.

So far as the first of these contentions is concerned, we will say that sections 4 and 5 of the statute under which this action was commenced and which governs this case, to wit, the Employers' Liability Act, approved March 1, 1901, sections 322 to 333 of the Revised Statutes, prescribe that damages shall be assessed in accordance with the actual needs that claimants had to depend upon the wages of the injured or deceased person for their support.

The trial judge is of the opinion that it was shown that the said plaintiffs are of age; that some of them are married; and that they are all capable and competent to earn their own living and support independently of the labor of the deceased, Miguel Berberena. The findings of the court are supported by the evidence, and this being the case it is clear that the law has been rightly construed and applied.

With respect to the second contention, we will say that the trial judge was in a better position than we are to assess the amount of damages, and as it has not been shown, nor does it appear from the evidence, that the amount assessed is clearly inadequate or improper, we must take the finding of the judge to be both just and equitable.

The appeal cannot be sustained and the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.